# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cr-00029-TWP-TAB |
| ) | |
| GABRIEL B. MCQUAY, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION

This matter is before the Court on Defendant Gabriel B. McQuay's ("Mr. McQuay") Motion for Judicial Recommendation on Residential Re-Entry Center Placement, (Dkt. 52). Mr. McQuay asks the Court for a judicial recommendation to the Bureau of Prisons, ("BOP"), that he receive twelve months of residential reentry center placement as part of his sentence in this case. The Government filed a Response in Opposition on April 1, 2021, (Dkt. 54). For the reasons stated below, Mr. McQuay's Motion is **denied**.

## I. DISCUSSION

On March 12, 2021, Mr. McQuay filed the Motion now before the Court, in which he requests that the Court recommend to the BOP that he receive 12 months of residential re-entry center ("RRC") placement. (Dkt. 52 at 1.) In support of his Motion, Mr. McQuay asserts that he "has been in programming since entering the BOP," "has maintain[ed] clear conduct," and "under the First Step Act, an inmate may earn extra RRC time based on his/her programming." (*Id*. at 2.) Mr. McQuay has not submitted any evidence in support of his assertions regarding his programing and good conduct; however, the Government has not submitted any argument to dispute these assertions, therefore the Court will accept them as true.

Under the Second Chance Act, the BOP has the authority to place inmates in an RRC during the final portion of their sentences for up to 12 months. The Act specifically provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3642(c). Mr. McQuay "understands that the ultimate decision concerning how much RRC placement he receive[s] is left to the discretion of the BOP." (Dkt. 52 at 2.) However, he "firmly believes he needs this time at the RRC to help him achieve a successful reentry, to establish permanent housing, and to gain steady employment." *Id*. He contends the requested recommendation would be related to the original sentencing purpose of furthering his general rehabilitation. *Id.*

The Government has responded in opposition to Mr. McQuay's request. (Dkt. 54.) The Government points out that on July 11, 2019, Mr. McQuay pled guilty (without a plea agreement), to Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). At his hearing, Mr. McQuay admitted that he sold heroin and/or fentanyl to a confidential source on three occasions between November 2017 and January 2018. (Dkt. 40 at 4.) During a search warrant executed at his home in January 2018, officers found approximately 247.8 grams of heroin, a loaded Glock, .40 caliber pistol, and drug trafficking paraphernalia. *Id*. at 5. The firearm had been reported stolen roughly six months prior. *Id*. Mr. McQuay admitted to possessing the firearm. The advisory Sentencing Guidelines range for the offense was 70 to 87 months of imprisonment.

*Id*. at 19.  Mr. McQuay was sentenced to concurrent terms of 70 months' imprisonment on each count of conviction, and ordered to serve concurrent terms of five and three years of supervised release on Counts 1 and 2, respectively.  (Dkt. 48 at 2-3.) He is currently housed at the Federal Medical Center in Lexington, Kentucky, with a release date (assuming good behavior) of January 8, 2023. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Apr. 1, 2021).

The Government contends Mr. McQuay has offered no legal authority for the Court to make a belated sentencing recommendation.  They note that Mr. McQuay has not alleged his Motion attempts to correct an error in his sentence under Federal Rule of Criminal Procedure 35(a) or 36; thus, his sentence is final, and the Court lacks jurisdiction to amend it or its sentencing recommendations.  18 U.S.C. § 3582; see also *United States v. McHugh*, 528 F.3d 538, 540-41 (7th Cir. 2008) (finding district court lacked authority to change language of recommendation included in written judgment).  The Government also argues that even if there were a legal basis for the recommendation, the BOP, not the Court, is in the best position to assess the current condition of the defendant in relation to the available resources and placement determinations. (Dkt. 54 at 4.)

The Court agrees with the Government; the BOP, not the Court, is best suited to make the RRC determination for Mr. McQuay.  The BOP bases their release plan decisions on many factors, and their assessment typically provides ample time for an inmate to accomplish their rehabilitative goals.  Mr. McQuay's offers no information on whether or not he has been assessed by BOP officials; if he has not yet been assessed, his motion is premature.  If a determination has been made, and if Mr. McQuay believes that determination is arbitrary or capricious, he should first administratively challenge the BOP's release determination.  If he has been assessed, and he

3

disagrees with the BOP's plan for his release, he should provide an explanation to support his disagreement. Considering the information presently before the Court, the Motion must be **denied**.

## II. CONCLUSION

For the reasons set forth above, Mr. McQuay's Motion for Judicial Recommendation on Residential Re-Entry Center Placement, Dkt. [52], is **DENIED**.

**SO ORDERED.**

Date: 4/8/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gabriel McQuay, #16163-028
FEDERAL MEDICAL CENTER
P.O. Box 14500
Lexington, Kentucky 40512

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov